**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CAROLYN GALLANT,** )
)
Plaintiff )
) C.A. No.:____________
**v.** )
)
**TOWN OF TIVERTON;**
**JAMES AMARANTES, TREASURER;**
**LOUISE DURFEE, PRESIDENT OF TOWN COUNCIL; W. GLENN STECKMAN III, TOWN ADMINISTRATOR; THOMAS BLAKEY, CHIEF OF POLICE**

Defendants

CA 08 52S

**COMPLAINT**

**INTRODUCTORY STATEMENT/NATURE OF THE ACTION**

This action is commenced by **Carolyn Gallant** (hereafter "Gallant" or "Plaintiff"), an individual, against **Town of Tiverton; James Amarantes, Treasurer; Louise Durfee, President of Town Council; W. Glenn Steckman III, Town Administrator; and Thomas Blakey, Chief of Police** (hereafter "Defendants"; "Employers"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964; in addition to other federal, state, and common law claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e et seq. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they derive from a common nucleus of operative facts, and form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c), because:

a. the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Town of Tiverton Police Department located at 20 Industrial Way, Tiverton, Rhode Island, within this judicial district;

c. the Plaintiff would currently be receiving the full and fair benefit of her employment with the Defendants at the Town of Tiverton Police

Department, located at 20 Industrial Way, Tiverton, Rhode Island within this judicial district, but for the Defendants' unlawful employment practices.

4. On July 11, 2007, Gallant timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender and that she was retaliated against — RICHR #: 08 ESH 009; EEOC #: 16J-2007-00356.

5. In timely fashion, Gallant requested and received Right To Sue Authorization from the appropriate administrative agency(ies). (ATTACHMENT 1).

6. Gallant fulfilled all other conditions precedent to the institution of each count of this action.

**PARTIES**

7. The Plaintiff, Carolyn Gallant, is a female, and resident of the City of Fall River, Massachusetts.

8. The Defendant Town of Tiverton has a Town Council located at 343 Highland Rd; Tiverton, Rhode Island; Defendant James Amarantes, Treasurer, is the treasurer for the Town of Tiverton, State of Rhode Island. Louise Durfee, President of

was the President of the Tiverton Town Council during the events cited in this Complaint. W. Glenn Steckman III, Town Administrator, is the Town Administrator for the Town of Tiverton. Defendants Amarantes, Durfee, and Steckman maintain an office and principal place of business at 343 Highland Rd., Tiverton, Rhode Island 02878. Defendant Thomas Blakey, Chief of Police, is the Chief of Police of the Town of Tiverton, with an office located at the Tiverton Police Department, 20 Industrial Way, Tiverton, Rhode Island 02878. The Defendants are sufficiently joined and intertwined in terms of direction and control over their employees for the purposes of the claims at issue in this action, to be held jointly or severally liable.

9. On information and belief, at all times material to the allegations of this Complaint, the Defendant(s) has(have) continuously, and does(do) now, employ at least 100 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq., and any other state or federal statutes referenced in this Complaint.

11. At all times material to the allegations of this Complaint, the Defendants

have continuously been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(g) and (h).

12. At all times material to this action, Gallant was and is an individual, employee, and/or person covered under the terms and provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.; and any other state or federal statutes referenced in this Complaint.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

**FACTS COMMON TO ALL COUNTS**

14. Plaintiff is a female.

15. Plaintiff has been a Police Dispatcher for the Tiverton Police Department for approximately 3 years.

16. Between 2004-2006, a pattern of egregious sexual harassment and retaliation persisted in the Police Department, directed at the Plaintiff and other female dispatchers and officers, perpetrated by the male Chief of Police.

17. This conduct was reported to appropriate authorities, but no remedial action was taken.

18. In August, 2006, the Town Administrator refused to accept a complaint signed by 8 employees, including the Plaintiff, articulating employee concerns regarding harassment and retaliation, on the specious grounds that the letter "violated…the rules and regulations of the Police Department…"

19. Approximately three months later, when the situation had reached a crisis stage, the Plaintiff and other victimized female employees were requested to give statements and to testify regarding misconduct perpetrated by the Chief.

20. As a result of an investigation, the Chief was suspended and terminated.

21. The Chief was subsequently reinstated by the Town, against the recommendation of the Town Administrator and despite proven misconduct.

22. The Plaintiff testified during the proceedings through which the Chief

sought reinstatement.

23. As part of this reinstatement, the Town/Department has implemented certain workplace rules and restrictions which, while ostensibly geared to protect female employees from interaction with the Chief, have unreasonably interfered with their working conditions, and in effect have served as retaliation against female employees for asserting their protected rights.

24. The Defendants' conduct referenced in the preceding paragraph was undertaken to retaliate against the Plaintiff for asserting her right to be free from a discriminatory and unlawful work environment, and because she was female.

25. The Defendants' conduct, as referenced in the preceding paragraphs, and other conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, as a result of her gender and subjected her to retaliation.

**COUNT I**
**As to All Defendants**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e, ET SEQ.**
**HOSTILE WORK ENVIRONMENT**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**

26. The allegations contained in Paragraphs 1-25, above, are incorporated herein by reference in their entirety.

27. The Defendants' discriminatory conduct, policies, and practices are violative of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

28. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, Defendants':

a. retaliating against Plaintiff;

b. forcing Plaintiff to work under discriminatory terms and conditions of employment, based on gender.

29. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have subjected Plaintiff to discriminatory terms and conditions of employment and retaliated against her.

30. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender. The Defendants' conduct has unlawfully deprived Plaintiff of her employment status, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**As to all Defendants**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L.§28-5-1 et seq.**

**HOSTILE WORK ENVIRONMENT**
**DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**

31. Paragraphs 1-25 above are herein incorporated by reference in their entirety.

32. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;
b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;
c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;
d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

32. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's gender. Such practices include, but are not limited to, Defendants':

a. retaliating against Plaintiff for complaining about what she reasonably believed to be unlawful workplace treatment;
b. forcing Plaintiff to work under discriminatory terms and conditions of employment, based on gender.

33. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have retaliated against Plaintiff or subjected her to discriminatory terms and conditions of employment.

34. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**As to all Defendants**
**THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990**
**R.I.G.L. 42-112-1 ET SEQ.**

**HOSTILE WORK ENVIRONMENT**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**

35. Paragraphs 1-25 above are incorporated herein by reference in their entirety.

36. Despite Plaintiff's ability to perform the duties of her position in a satisfactory manner, the Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment and retaliated against Plaintiff, because of Plaintiff's gender.

37. But for the Defendants' intent to discriminate against Plaintiff because of her gender, Defendants would not have engaged in the unlawful conduct described in the preceding paragraphs.

38. By its conduct described in the preceding paragraphs, Defendants have engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

39. The Defendants' conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of her employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to her reputation, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**As to all Defendants**
**RHODE ISLAND WHISTLEBLOWER PROTECTION ACT**

40. Paragraphs 1-25, above, are incorporated herein, by reference, in their entirety.

41. Defendants have discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of her employment, because she complained to the Defendants regarding what she reasonably believed to have been Defendants' unlawful conduct, and indicated an intention to seek remedial assistance.

42. Defendants' conduct is in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. Section 28-50-1 et seq.

43. As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered pecuniary losses, severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that the Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of gender.

b. an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to the granting to Plaintiff appropriate increases, benefits, status, and promotional opportunities of the workplace;

c. an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits, in amounts to be determined at trial;

d. an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10;

h. any and all penalties and damages available pursuant to ERISA; and

i. grant such further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Carolyn Gallant,
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250/401-272-4520 (FAX)